Good morning, your honors. May it please the court. I'm Dan Wilson from Kalispell, Montana. I represented the defendant and appellant William Cody Horvath in the district court and of course on appeal. I didn't represent Mr. Horvath in 2001 when he pled guilty and made the offensive statement to the probation officer. This case follows on the heels of the Ninth Circus decision in United States v. McNeil where in 2004 this court was asked in a case of first impression to interpret the scope of the defense provided by 18 U.S. Code section 1001B to making a false statement within the court. And in that case, the court decided that a three-part test should apply to determine whether the defense in subsection B should apply, and that is namely whether the false statement was made in the course of a proceeding by a party and submitted to a judge. Can I ask you a question? Yes, your honor. We reviewed the transcript the time of the plea. The plea was taken in the instant case, your honor? Yes. Yes, I was present when Mr. Horvath pled guilty in this case. I have reviewed the transcript from the case in July of 2001 where Mr. Horvath pled guilty to being a fugitive in possession of a firearm. That's what I read. Anything said about Horvath being a Marine colonel or a former Marine colonel? As I recall, Mr. Horvath was sworn in connection with his entering the plea, and he made a statement that he had served in the Marine Corps. And yes, your honor, it's my recollection that he made a statement to the effect that he's been a Marine colonel. And then he said there was something here about the fact that he was an E-5? Yes, your honor. Do you know what an E-5 is? My understanding is that an E-5 is an enlisted rank under the rank of a Marine officer. But having not served in the military myself, I have to confess. Well, first of all, I don't know the Marine Corps uses that designation, the Army does, but an E-5, I think, is like a corporal. A Marine corporal or a Marine colonel. Your honor, I don't recall. It baffles me because Judge Malloy is there. Judge Malloy is a Marine corporal. Mr. Wilson, can I turn to the issue that we've got? Well, let me finish what I'm asking, because basically what you asked is, this is what I don't understand. Your honor, my reading of it. If he said Marine colonel, then it would be obvious in the E-5 to Judge Malloy that there was something terribly wrong with it. This guy couldn't make Marine colonel in four years. Your honor, my impression of reading the record is that Judge Malloy was skeptical of Mr. Horvath's claim of having been in the Marine Corps from the outset. And whether Judge Malloy particularly recalled at the changing, or excuse me, at the sentencing in July 2001, what the statement Mr. Horvath made under oath about his prior Marine Corps service was. Perhaps I could clarify this, because at excerpt page 36, it looked to me as if the word colonel on line 12 was simply a mistype for corps, because it says Marine colonel service, and that doesn't even make sense. And all the questions that follow ask about the Marine Corps. So at least I read this as being about whether he served in the Marine Corps, yes or no, not what his rank was. And am I missing something, or does that seem like a likely proposition? It seems to me, Judge Graber, that yeah, that would be a likely reading of the record. I was struck when I read the record the first time, too, to see the word colonel, and it never came up again. But I assumed that it was just a misstatement. As the word colonel appears in record, page 34, line 21, twice, page 35, line 11, also at page, line 14, also at page, line 19. Yes, and I think that the statement about the prior Marine Corps service is significant in the fact that whether he was claiming to have been a colonel or an E-5, we concede, and there's no dispute that Mr. Horvath lied both under oath and to his probation officer later. No question about that. The main issue, as I see it, for this Court to decide is how to interpret and apply the test that was developed in the McNeil case. And the issue is basically, is a false statement made to a probation officer deemed to be a statement submitted to the probation officer as opposed to being submitted to the court by way of the probation officer? On the issue in the case, if I can ask you a couple of questions. McNeil, obviously, is instructive. It doesn't apply absolutely, because it was dealing with a somewhat different question. And the question here is whether the statement to the probation officer is a statement made to a judge. My question, I guess, is this. If 2001 does not apply to statements to a probation officer, then what does? Because it's not a statement that's made under oath, so it cannot be prosecuted for perjury. The statement to a probation officer, the probation officer is not performing the function of a judge at that point. He's simply talking to the defendant, and he may or may not trans – may or may not put the statements, literally or at all, into the probation. Well, the rule in McNeil, if interpreted and applied according to how the government sees it and how Chief Judge Molloy saw it, I think is going to lead to some rather ridiculous results. And I think, in answer to your question as best I can, what ought to be the focus is what was the role of the probation officer in asking the question. Although the distinction is no longer germane, we know that the probation officer does not perform an adjudicated function. He's making a – he's interviewing a whole bunch of people, and he's passing on what, in his judgment, are the important parts of those interviews, and he's making a recommendation to the judge. But it is the judge who makes the decision. And it's hard for me to understand how Congress could possibly have intended the judicial exception, so-called, in B, to extend – to immunize false statements made to a probation – probation officer, because that's effectively what would happen. It would effectively immunize this statement, but there are any number of other reasons why a probation officer gets from a probationer that I don't believe would be immunized. Well, I don't understand the – any policy reason or anything out of McNeil as to why this statement to this probation officer should be immunized. It was plainly, indisputably false and made for the purpose of influencing a judicial proceeding. It would have been immunized, and it was immunized, as Judge Malloy found, when Mr. Horvath repeated the lie directly to Judge Malloy in court. Well, of course, it could have been – perhaps he could have been prosecuted for perjury, but that's a prosecutorial – for making a statement in open court. But he didn't necessarily have to do that, so let's put that aside. And the question before us is whether he could be prosecuted for making a false statement to the probation officer. I don't understand why not. Well, I think that if – if you focus on the policy, there's no question that it's – it's striking a person in the gut to think that a person could lie and not have some sort of liability for it. But it's my contention that Congress created this problem, this sort of conflict, by creating this judicial exception. And when I earlier was hinting at the sort of results that will come of a decision affirming the district court, it's common practice in Judge Malloy's court, for example, for law clerks to conduct pretrial conferences in criminal cases. And during that time, any number of items might be discussed with the law clerks. It might include a false statement by a lawyer or a false statement that a lawyer's transmitting from his client to the effect that it won't be available for trial or so forth. Well, if the law clerk, which horrifies me, but if the law clerk is conducting a proceeding in lieu of the judge conducting the proceeding, then I assume it would have the same protections that animate an exception for statements made on the record to a judge or submissions made as part of a record to the judge. But that's not what we've got here. I mean, the probation officer is in no sense an adjudicative officer, which we've held before in Mayer and in Gonzales, and doesn't perform adjudicative functions. And that's what I think is the critical distinction, because if we read Section 101 and 101B and compare the language, the offense is making the false statement or, excuse me, the offense is making the statement, the defense is submitting the statement. And the submitting a statement connotes, and as it's defined in Webster's dictionary, to propose information for someone else's consideration or review. He in no sense submitted the statement to a judge. He submitted it to the probation officer. And no part of his statement may have made it to the judge. In this case, Your Honor, as the indictment charges, the false statement was made to the probation officer and from the language of the indictment. The purpose was to the judge. Thank you. Let me ask you this. Who does the probation officer work for? Well, the probation officer works for the judge. He's ordered to collect information by the judge from the bench, but under also Federal Rule of Criminal Procedure 32, and has an obligation to be the eyes and ears of the court, as another circuit has described that function. Thank you, Your Honors. Thank you, Mr. Baroff-Wilson. Good morning, Your Honors. My name is Josh Vandewetter, and I'm Assistant U.S. Attorney in Missoula-Montana. And like Mr. Wilson, I prosecuted this case and handling the appeal in this case, although I did not prosecute the underlying felony possession case. Counsel, let me take you to a hypothetical that will help me begin to sort my way through this. Let's say that this particular lie had been reduced to writing in the form of a letter or other document, and the defendant had desired to submit it to the judge, but the judge doesn't see litigants personally. And the person handed it to a judicial assistant and asked, would you send this to the judge? Would that constitute submitting a statement to a judge within the meaning of the exception in Subsection B? It may well, Your Honor, because in the case you offer, the hypothetical you submit to the judge without any sort of in-between kind of function. Well, that brings me to the core question that I have, because that seems reasonable to me, too, that submitted to the judge doesn't have to mean physically, personally handed to them if it's a ministerial in-between. Is the probation officer a mere conduit or the alter ego of the judge in some way for this purpose, or is this person an independent intervening something that isn't necessarily submitting to the judge when it's submitted to the probation officer? Your Honor, I would suggest the latter is more the truth than the former. And I've asked you to compare, for instance, the clerk of court. The clerk of court clearly is simply a gathering and submitting group of people. They gather documents, they maintain them in files, they present them to the court. The probation officer, on the other hand, conducts, in fact, Mr. Wilson uses the phrase repeatedly through his brief, as I think we all do in the criminal justice system, a pre-sentence investigation. The probation officer conducts all kinds of investigation, gathers lots of documents, and puts that then into a report. Would the probation officer be free to exclude any material statement by the defendant? I think in the course of synthesizing, I think a probation officer might inadvertently exclude a material statement. Well, if the probation officer is properly performing his or her function, wouldn't the probation officer be required to include any material statement by the defendant? And if that is the case, then why isn't the probation officer, for that purpose, a conduit for material statements of fact by defendants? I think in that case, Your Honor, it depends on what the probation officer does with the particular statement. If it's repeated verbatim, the defendant told me exactly this as a message that he wants to give the judge, and that's certainly part of what a probation officer does, gets a statement from the defendant of his acceptance responsibility, for instance. But I don't think that could be the case in, I think it would be dependent on the statement and the circumstances. Well, the point of my question is that whatever the statement is, it's material to the judge's decision, because Section 1001 requires materiality. And let's say it's, you know, I've never been involved in crime before. I, you know, I'm happily married. You know, whatever it is that's mitigating and could be material to the judge, whether it's conveyed verbatim or not, doesn't the probation officer have an obligation to convey the substance of a material assertion of fact by the defendant? The probation officer certainly does, Your Honor. Certainly, especially the substance, whether it's verbatim or not. But in that case, I don't think we could, I still don't think we could reach that with, say, a perjury charge or even a, well, certainly we couldn't reach it with 1001 because it's not directly to the judge, if we were anticipating that. I think it's still a lie to the probation officer, which 1001 reaches, because the plain language of the statute requires that the statement be made to the judge. No, it doesn't say made to the judge. It doesn't say made to the judge. It says submitted to the judge. And that is different because it doesn't require that it be in person. But I would suggest this, Your Honor. It requires at least something close to a verbatim submission to the judge, as one would do filing with the clerk of court's office. We want this document as is, without any interpretation or addition from the clerk of court, to go to the judge. When a defendant sits for a pre-sentence report interview, I think everyone understands that this is a process of cooking, in a sense. The defendant's entire interview doesn't go to the judge. Not everything a probation officer gathers goes to the judge. The probation officer acts independently, as the probation officer did in this case, in investigating those claims that Mr. Horvath was making about his military history, to provide a report that he has created himself to the judge. The defendant can't claim to have created that report. That is the report of the probation office. So I think there is important processing that goes on with the probation officer, as distinct from something like the clerk of court's office. That doesn't mean that certain portions of what the probation officer gathers don't go verbatim, and are not, in fact, submitted and may be covered by the exception. Like a defendant's handwritten statement, I want this to be my acceptance of responsibility. But I don't think that's the case here. Here the defendant made a claim to the probation officer, which the probation officer investigated and found to be false, and that entire product then was presented to the judge. And we would suggest, essentially, that that's the error in the defendant's claim in this case, is that this is a statement that goes to the probation officer, that is a lie directly to the probation officer, and the purpose is, although we all understand it's ultimately going to get to the judge, the purpose is for the probation officer to take it into account in his putting together the report. That's why I don't think the 1001B exception fits in that case. And I would argue just the opposite. And Mr. Wilson would suggest that there would be absurd results if the court were to adopt the broad reading of 1001B that Mr. Wilson suggests. And that would be, essentially, that there's this free zone where a person could tell a lie that isn't reachable by perjury, but isn't reachable by 1001 either, that includes almost all of the judiciary. Because, of course — Well, but isn't that — I mean, if that's what the statute means, that's what the statute means. I mean, whatever Congress had in mind, by this really quite broad exception for anything submitted to a judge in a proceeding, I mean — Well, let me ask you this. When this defendant entered a guilty plea, was the defendant placed under oath? He was placed under oath at the time of the guilty plea, Your Honor. And how about the time of the sentencing, was he placed under oath? He was not under oath at the sentencing hearing. What is the custom and practice in Missoula? That is the custom and practice in Missoula, Your Honor, that he's put under oath for the change of plea hearing and all the statements he makes there, not put under oath at the sentencing, which is normally just an allocution. In this case, the conversation that Judge Malloy had with the defendant with respect to his military history that came at the sentencing hearing was longer than we would typically see. So in making my charging decision, he's not under oath at the sentencing, so obviously I can't charge perjury there. I arguably could have charged perjury for the false statement at the change of materiality, because it was a simple one-line question about biographical information that I don't think is really material to his change in his plea or what the court was going after. So I think the crux of the lie in this case is, in fact, the reality. Well, if it wasn't material, how can you charge it? Because 1001 always requires that the statement be material for it to be criminal. Well, Your Honor, I think the false statement to the probation officer certainly was material. I was referring to the change of plea hearing in the first place, where the judge asked Mr. Horvath if he could. Okay, why is it material? To the probation officer? Yes. It's material to the probation officer because the probation officer is preparing a report that includes the defendant's biographical information, and at the sentencing hearing, the court is going to consider, presumably, the defendant's biographical information in fashioning the sentence. Well, but not all biographical information is material. If someone says, I have three brothers, and he actually has four brothers, but doesn't like one of them and never mentions him, what difference does that make? It may make no difference, Your Honor, but if that fourth brother has further incriminating information, it may make all the difference. Okay, so why in this case was the military service material? Well, I think military service suggests, at a sentencing hearing, that a person is worthy of a lesser sentence because he has a history of serving his country and essentially deserves some credits in his call in that regard. And in making the statement there for the probation officer and that purpose for the pre-sentence report, I think he's trying to mitigate his sentence. And it worked? I guess it worked, but here he is back again, so thank you.  Thank you, Your Honor. I would suggest that, contrary to what Mr. Van Wettering suggests, that the statement about prior military service in the Marine Corps that Mr. Horvath made at the time of his change of plea in 2001 was just as material then as it was at the time of sentencing. These changes of plea where the defendant is placed under oath and testifies essentially to what he did is often accompanied by any number of questions that Judge Molloy asked to, number one, determine if the person is entering a knowing plea, if they have the ability to understand what's happening. And the question, although it may have been properly put by Judge Molloy at the time of sentencing, if he was considering that military service would be a material element, he merely anticipated what is his usual practice, which is to ask that question. And as I pointed out in the brief, the government had an opportunity to charge that perjury lie in the form of the statement made at the change of plea, and for some reason chose not to, but that doesn't mean that it's up to the court to rescue that decision. I don't remember what statement was made at the time of the guilty plea. The statement at the time of the guilty plea was that Mr. Horvath claimed to have served in the Marine Corps. Guilty. At the time that he pled guilty, and he was under oath at that time. He was under oath. And there was a colloquy between Mr. Horvath and Judge Molloy at the change of plea, where Judge Molloy, I don't know if it was from idle curiosity or what, my experience with Judge Molloy is that he doesn't ask idle questions, but there was some probing that occurred between the judge and Mr. Horvath concerning that military service at the time of the change of plea. If there's nothing else, Your Honors, thank you very much. Thank you. Are we moving to a new location? Yes. Let's go back. Where are we moving to now? Covering the whole state.
judges: Pregerson, Rymer, Graber